Fancher, J.
The Code (§ 401, subd. 7} provides, that “ when any party intends to make or oppose a motion in any court of record, and it shall be necessary for him to have the affidavit of any person, who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person.” The section.further provides that ‘‘he may be subpoenaed and compelled to attend and make an affidavit before such referee; the same as before a referee to whom it is referred .to try an issue.”
When application is made under this subdivision of section 401, for an order, the papers on which it is applied for should show that the party making the application intends to make or oppose a motion ; also that it is necessary for such purpose, for him to have the affidavit of some person whom he shall name ; and, also, that such person has refused to *281 make the affidavit. It is manifest that the party to the action who makes application should know or be advised what sort of an affidavit is necessary, and that it can be made by the person he names; and it is*£tlso apparent that before such person can refuse to make it, the same should be drawn and presented to him with a request that he should sign and swear to it, unless, on being applied to, he refuses to make any affidavit at all. To say that the statute is so far-reaching as to allow the referee to treat the order appointing him as a commission to compel the person whose affidavit is sought to submit to a general examination touching the affairs in controversy in the action, is to lose sight of the purpose, as well as the language of the statute. Had the law-makers intended to allow such an examination, their language would have been different from that of this section, and its plain meaning would have revealed such an intention. The purpose of the law is not to compel such an examination.
It is true that when the person whose affidavit is sought, attends before the referee, and is informed of the particular matter as to which he is requested to make a deposition, there is no objection to that form of proceeding, and his statements maybe taken down and sworn to in the form of a narrative deposition or of questions and answers; but, as the proceeding is not an ordinary examination of a witness, and as no cross-examination is permissible, it does not seem proper that one of the parties to the action should go into a general examination-before the referee, and thus be permitted to procure, ex parte, testimony freed from the tests and explanations of a cross-examination. He is not there for such purpose, but only to obtain an affidavit to be used on a motion, and the affidavit should be limited to the subject of the motion.
The rapid stride of code amendments has not yet reached the point of allowing an unrestricted examina *282 tion at such a stage in the action, nor opened so wide an opportunity for a fishing expedition.
Making the affidavit provided for in the section under consideration, is not an examination. When an examination takes place, either before trial or at the trial, the counsel for both parties are present, and the rules of a*n examination are applied. This is not the case when an affidavit is. sought for the purpose of a motion. If the party seeking the affidavit for a motion does not fully know all the facts to 'be embodied in it, ■ and the person to be examined offers to receive and answer written questions, and to make'the affidavit when, drawn up from such written questions and answers, as was offered in this case, it is all that can be reasonably required, and such a method of stating the facts in the affidavit, is, as it seems to me, eminently proper.
The statute "says that such person may be subpoenaed and compelled to attend and malte an affidavit before such referee.” It does not say he shall submit to an examination as a witness.
An examination, de bene esse, is provided for by the Revised Statutes, when from infirmity or sickness or contemplated absence from the State, there are reasonable grounds to apprehend the witness will not be able to attend the trial. The Code of Procedure has, also, made provisions for the examination of a party to the action, and it may be had at the option of the party claiming it, at the trial or at any time before the trial after issue is joined." There are also, statutory provisions for perpetuating, and for taking on commission, testimony in certain cases. But none of these conditional examinations are ex parte. They are made on notice which is usually prescribed by the order when obtained, and in conducting them, the rules of evidence and the rights of cross-examination are observed.
I cannot think that subdivision 7 of section 401 of *283 the Code, which is found in the chapter entitled “Motions and Orders,” and in the section entitled “ Definitions of a motion ; motions, how and where madef—was intended to allow an ex parte examination of a witness. On the contrary, it was intended to give the right to a party to an action to require an affidavit or deposition which is shown to be necessary to make or oppose a motion, and when it has been refused by the person who should make it. The party cannot show that the affidavit is necessary unless he has some knowledge or reliable information of what it might properly contain.
I do not think there has been such a refusal in this case ; and, therefore, the order appointing a referee to take the affidavit of W. R. Travers should be vacated. If there should be a refusal to make an affidavit hereafter, or Mr. Travers declines to answer the questions which the defendant’s counsel may submit in writing, or to sign and swear to the affidavit to be drawn up from such questions and answers, a' new order to appoint a referee to take the affidavit may be applied for, and would be proper.
The motion to vacate the order is granted, with liberty to make a further application if necessary.